ZEFF LAW FIRM LLC
Gregg L. Zeff, Esquire
Drake P. Bearden, Jr., Esquire
100 Century Parkway, Suite 305
Mt. Laurel, NJ 08054
(t) (856) 778-9700
(f) (856) 702-6640
dbearden@glzefflaw.com                                    *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LENA N. PETTWAY<br>4644 Adams Avenue<br>Philadelphia, PA 19124 | **CIVIL ACTION**<br><br>No. |
| *Plaintiff,* | |
| v. | |
| CITY OF PHILADELPHIA<br>1515 Arch Street<br>Philadelphia, PA 19102 | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

## CIVIL COMPLAINT

Plaintiff, Lena N. Pettway ("Plaintiff"), by and through her attorneys, the Zeff Law Firm, LLC, hereby brings this Complaint and in support thereof allege as follows:

### INTRODUCTION

1. This is an action for disability discrimination and violation of Civil Rights brought by the Plaintiff to redress the actions of Defendant City of Philadelphia in breach of the laws of the Commonwealth of Pennsylvania, and the United States of America.

### JURISDICTION AND VENUE

1

2. The District Courts have original jurisdiction over this matter pursuant to 28 U.S.C. §1331.

3. Venue is appropriately laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

4. The amount of controversy exceeds One Hundred Thousand ($100,000.00) Dollars exclusive of interest and costs.

5. The Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on February 24, 2010. She received a Right to Sue Letter from the EEOC on November 3, 2010.

## PARTIES

6. The Plaintiff is a female citizen of the United States who suffers from sarcoidosis and resides at the above-listed address.

7. The City of Philadelphia is a municipality located in Pennsylvania with its offices located at the above-listed address.

## FACTUAL BACKGROUND

8. The Plaintiff began working with the City of Philadelphia approximately eleven (11) years ago and has been working for the Department of Human Services ("DHS") for approximately four (4) years.

9. At the times of the incidents, the Plaintiff was employed as a social worker supervisor.

10. The Plaintiff was diagnosed with pulmonary sarcoidosis in 2006. Sarcoidosis is a disease of unknown cause characterized by the development of small aggregations of cells, or granulomas, in different organs, most commonly the lungs.

11. As early as June 2007, the Plaintiff filed a Persons With Disabilities Request for her condition requesting that the employees in her building be asked not to spray cleaning solutions, perfumes or to burn popcorn.

12. Dr. Phillip Cross explained in the Plaintiff's Request that such odors would irritate her condition.

13. On January 26, 2009 the Plaintiff suffered from a reaction due to fumes resulting from an employee spraying a cleaning solution.

14. The Plaintiff was taken to Hahnemann Hospital emergency room due to her condition.

15. The Plaintiff informed her supervisor Janis Jarvey of her condition, and Jarvey informed employees in the office to be mindful of spraying aerosols, and using excessive perfumes.

16. Jarvey also ensured that employees did not burn popcorn. However, when Vera Day became Pettway's new supervisor she refused to make these accommodations.

17. On or about November 3, 2009, the Plaintiff was again taken to Hahnemann Hospital emergency room after being exposed to aerosol that was sprayed in the ladies room at her job.

18. On or about November 5, 2009, Dr. Cross again issued a letter informing the Plaintiff's employer that exposure to perfumes, cleaning solutions, or burned popcorn could cause her to suffer from attacks due to her sarcoidosis.

19. Despite the attack suffered by the Plaintiff and the letter written by her doctor, her supervisor Vera Day stated that she could not prevent people from spraying perfume and aerosol.

20. Furthermore, when the Plaintiff informed the disability representative, Douglas Abbot about her condition he insisted that there was nothing that he could do.

21. On or around December 8, 2009 the Plaintiff once again suffered an attack when an employee burned popcorn in the kitchen.

22. Several days after that episode on December 13, 2009, the Plaintiff began feeling chest pains.

23. As a result of the chest pains, the Plaintiff was admitted to Aria Health in Philadelphia, PA where she underwent a right heart catheterization.

24. The Plaintiff was released from the hospital on December 18, 2009. On January 27, 2010, the Plaintiff suffered from a stroke resulting from the incidents at work and the subsequent surgery she underwent.

25. She was admitted to Aria Health again as a result of the stroke. Since the stroke she has been unable to return to work under the advisement of her doctors.

26. However, the Plaintiff has been forced to use vacation days for some of the time she has taken off as a result of her illnesses.

27. Furthermore, her employer continued to contact her, including ordering her to remove the items from her office, because another individual had to use it.

28. On or around March 3, 2010, the Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") for disability discrimination.

29. The Plaintiff was notified that she was being terminated from her employment with the Defendant City of Philadelphia due to her physical condition as of April 28, 2010.

## COUNT I
## 42 U.S.C. § 12101 et seq.
## AMERICANS WITH DISABILIITIES ACT
## FAILURE TO ACCOMMODATE

4

30. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

31. While working for the Defendant, the Plaintiff suffered from a disability pursuant to the Americans With Disabilities Act ("ADA").

32. The Plaintiff informed the Defendant of her disability, and asked that she be accommodated.

33. Despite initially accommodating the Plaintiff, the Defendant later refused to accommodate her resulting in the Plaintiff suffering from multiple attacks and significantly worsening physically.

34. As a result of the Defendant's failure to accommodate, the Plaintiff's condition worsened and she was eventually terminated.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

(A) award Plaintiff compensatory damages including but not limited to expectation, reliance, and restitution damages, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B) award reasonable costs and attorney's fees;

(C) award punitive damages;

(D) grant any other relief that this court deems just and proper under the circumstance.

### COUNT II
### 42 U.S.C. § 12101 et seq.
### AMERICANS WITH DISABILIITIES ACT
### DISABILITY DISCRIMINATION

35. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

5

36. While working for the Defendant, the Plaintiff suffered from a disability pursuant to the ADA.

37. Because of her condition the Plaintiff was treated differently than her similarly situated co-workers.

38. The Plaintiff was eventually terminated from her employment because of her condition.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

(A) award Plaintiff compensatory damages including but not limited to expectation, reliance, and restitution damages, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B) award reasonable costs and attorney's fees;

(C) award punitive damages;

(D) grant any other relief that this court deems just and proper under the circumstance.

## COUNT III
## 42 U.S.C. § 12101 et seq.
## AMERICANS WITH DISABILIITIES ACT
## HOSTILE WORK ENVIRONMENT

39. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

40. The Plaintiff was subjected to severe and discriminatory conduct by the Defendant because of her disability.

41. Despite notifying the Defendant of her disability, the Plaintiff was told that nothing would be done to accommodate her condition, which resulted in significant physical and psychological injuries to the Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

 (A) award Plaintiff compensatory damages including but not limited to expectation, reliance, and restitution damages, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

 (B) award reasonable costs and attorney's fees;

 (C) award punitive damages;

 (D) grant any other relief that this court deems just and proper under the circumstance.

**COUNT IV**
**42 U.S.C. § 12101 et seq.**
**AMERICANS WITH DISABILIITIES ACT**
**<u>RETALIATION</u>**

 42. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

 43. The Plaintiff requested from the Defendant that she be accommodated due to her disability.

 44. The Plaintiff also made complaints to multiple departments within the Defendant City of Philadelphia, and she filed a complaint with the EEOC as a result of discrimination and the Defendant's failure to accommodate her condition.

 45. As a result of the Plaintiff's request to be accommodated and/or the complaints that she made regarding the Defendant's failure to accommodate the Plaintiff, the Defendants retaliated against her, which included terminating her from her employment.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

 (A) award Plaintiff compensatory damages including but not limited to expectation, reliance, and restitution damages, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

 (B) award reasonable costs and attorney's fees;

(C)    award punitive damages;

(D)    grant any other relief that this court deems just and proper under the circumstance.

**ZEFF LAW FIRM LLC**

s/ DPB 8401
Drake P. Bearden, Jr., Esquire

Dated: November 23, 2010