**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LENA N. PETTWAY,
                   Plaintiff,            :
                                   C.A. No. 11-78
          v.                  :

CITY OF PHILADELPHIA,        :      JURY TRIAL DEMANDED
                 Defendant.

**MEMORANDUM**

     Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant City of Philadelphia

seeks to dismiss Plaintiff Lena N. Pettway's disability discrimination (Count II), hostile work

environment (Count III), and retaliation (Count IV) claims.  In the alternative, Defendant moves

for a more definite statement under Federal Rule of Civil Procedure 12(e) of Counts II and IV.

For the following reasons, Defendant's motion is GRANTED in part and DENIED in part.  Count

III is dismissed.  Defendant's motion to dismiss Counts II and IV, and its motion for a more

definite statement of those claims, are denied.

**I. LEGAL STANDARD**

     A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint.  Kost v.

Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  To survive a 12(b)(6) motion, "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

I must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Grammar v. John J. Kane Reg'l Ctrs.-Glen Hazel, 570 F.3d 520, 523 (3d Cir. 2009); see also Byers v. Intuit, Inc., 600 F.3d 286, 291 (3d Cir. 2010). I need not, however, credit a plaintiff's legal conclusions or "threadbare recitals of the elements of a cause of action supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949.

A Rule 12(e) motion should be granted only "when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." Clark v. McDonald's Corp., 213 F.R.D. 198, 232-33 (D.N.J. 2003). "The basis for granting such a motion is unintelligibility, not lack of detail." MK Strategies, LLC v. Ann Taylor Stores Corp., 567 F. Supp. 2d 729, 736-37 (D.N.J. 2008) (quoting Wood & Locker, Inc. v. Doran & Assoc., 708 F. Supp. 684, 691 (W.D. Pa. 1989)). When presented with an appropriate Rule 12(e) motion, "the district court shall grant the motion and demand more specific factual allegations from the plaintiff concerning the conduct underlying the claims for relief." Thomas, A.W.T., Inc., v. Independence Twp., 463 F.3d 285, 301 (3d Cir. 2006).

## II. BACKGROUND[1]

Plaintiff Lena N. Pettway worked for Defendant City of Philadelphia for eleven years, serving the last four of those years in the Department of Human Services. In 2006, Plaintiff was diagnosed with pulmonary sarcoidosis, a condition affecting her ability to breathe. In June 2007, she filed a Persons With Disabilities Request, asking that employees in her building not spray

---

[1]For purposes of this motion, I recount the facts as alleged in the Complaint. See Plaintiff's Amended Complaint, Pettway v. Philadelphia, No. 11-78 (E.D. Pa. Mar. 22, 2011) [hereinafter Pl.'s Am. Compl.].

cleaning solutions and perfumes or burn popcorn.  In the request, she included a statement from

Dr. Phillip Cross explaining that such odors irritate Plaintiff's condition.

On January 26, 2009, Plaintiff was taken to Hahnemann University Hospital

("Hahnemann") after breathing in a cleaning solution at work.  After Plaintiff informed her

supervisor, Janice Jarvey, of the incident, Jarvey instructed office employees to be mindful of

spraying aerosols and excessive amounts of perfume and burning popcorn.  Jarvey's successor,

Vera Day, later informed Plaintiff she could not prevent employees from using aerosol sprays and

perfume.

On November 3, 2009, Plaintiff suffered another attack at work stemming from scented

aerosol sprayed in the women's restroom, and she was again taken to Hahnemann.  On November

5, 2009, Dr. Cross wrote a new letter explaining that perfumes, cleaning solutions, and burnt

popcorn could exacerbate Plaintiff's condition.  Day again informed Plaintiff she could not

prevent employees from using aerosol sprays and perfume.  Plaintiff then notified the disability

representative at her office, Douglas Abbot, who advised there was nothing he could do.

Plaintiff suffered a third attack on December 8, 2009 after a co-worker burned popcorn.

She began experiencing chest pains several days later and was admitted to Aria Health, where she

underwent heart catheterization.  Plaintiff was released on December 18, 2009, but was admitted

again on January 27, 2010 after suffering a stroke.

Plaintiff could not return to work following the stroke.  Defendant required Plaintiff to use

accrued vacation days to compensate for her time out of the office, and asked her to remove items

from her office so another employee could use the office while Plaintiff remained out of work.  On

March 3, 2010, Plaintiff filed a disability discrimination complaint with the Equal Employment

3

Opportunity Commission ("EEOC").  She was later fired.

Plaintiff brings four claims under the Americans with Disabilities Act ("ADA"): failure to accommodate; disability discrimination; hostile work environment; and retaliation.  She seeks compensatory and punitive damages, attorney's fees and costs, and any other relief deemed appropriate.  Defendant moves to dismiss all but the first claim or, in the alternative, for a more definite statement of the disability discrimination and retaliation claims.

## III. DISCUSSION

A.     <u>Count II– Disability Discrimination</u>

Defendant seeks dismissal of Count II, arguing Plaintiff cannot succeed under any theory of disability discrimination.  Defendant's Partial Motion to Dismiss, <u>Pettway v. Philadelphia</u>, No. 11-78 (E.D. Pa. Apr. 5, 2011) [hereinafter Def.'s Partial Mot. to Dismiss].  "To state a claim for discrimination under the ADA, a plaintiff must allege that: '(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation by his employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.'"  <u>Brown v. City of Long Branch</u>, 380 F. App'x 235, 238 (3d Cir. 2010) (quoting <u>Williams v. Phila. Hous. Auth. Police Dep't</u>, 380 F.3d 751, 761 (3d Cir. 2004)).

Plaintiff alleges a disability under the ADA --  pulmonary sarcoidosis, exacerbated by exposure to certain odors in her workplace.  Pl.'s Am. Compl. ¶¶ 10-11, 37.  Although she does not specifically allege she was otherwise qualified for her job,[2] Plaintiff implicitly alleges she was able to work with reasonable accommodations.  <u>Id.</u> ¶¶ 12-21.  Plaintiff also alleges she suffered an

---

[2]Defendant does not seek dismissal on this basis.

adverse employment decision as a result of discrimination.  Id. ¶¶ 37-38.

Defendant argues Plaintiff must allege a fourth element, that non-members of the protected class were treated more favorably.  Def.'s Partial Mot. to Dismiss at 6-7.  Defendant, however, is incorrect.  See Fullard v. Argus Research Labs., Inc., No. 00-509, 2001 WL 632932, at *3 (E.D. Pa. June 6, 2001) ("A plaintiff can make out a *prima facie* case even without demonstrating that employees outside of the relevant class were treated more favorably . . . ."); cf. Wiltise v. Discover Fin. Servs., Inc., No. 07-7073, 2008 WL 2839259, at *5 (N.D. Ill. July 22, 2008) ("[B]ecause the plaintiff need not follow the indirect method, which requires that he establish that similarly situated employees were treated more favorably, there is no reason to demand that he necessarily include any allegations as to similarly situated employees.").  Nonetheless, Plaintiff does allege facts sufficient to show she may have been treated less favorably than other similarly situated non-disabled employees.  Pl.'s Am. Compl. ¶ 38.  Plaintiff alleges similarly situated co-workers without disabilities were not forced to use vacation time or terminated as was Plaintiff due to her disability. Id.  Therefore, Defendant's motion to dismiss Count II is denied.

Likewise, Plaintiff need not provide a more definite statement of her claim in Count II. Defendant requests information regarding the facts of alleged instances where similarly situated people outside of Plaintiff's protected class were treated more favorably.  Def.'s Partial Mot. to Dismiss at 7.  Such information is not required in order to state a claim of disability discrimination, and Defendant can learn of those instances in the course of discovery.

      B.     Count III– Hostile Work Environment

Defendant next argues Plaintiff has not sufficiently alleged a hostile work environment claim in Count III.  Id. at 7-10.  A claim of hostile work environment requires a showing that: (1)

plaintiff is a qualified individual with a disability under the ADA; (2) plaintiff was subject to

unwelcome harassment; (3) the harassment was based on plaintiff's disability or a request for an

accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of

plaintiff's employment and to create an abusive working environment; and (5) the defendant knew

or should have known of the harassment and failed to take prompt effective remedial action.

Walton v. Mental Health Ass'n of Se. Pa., 168 F.3d 661, 667 (3d Cir. 1999).  In determining

whether an environment is hostile, I must consider "the frequency of the discriminatory conduct; its

severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and

whether it unreasonably interferes with an employee's work performance."  Harris v. Forklift Sys.,

Inc., 510 U.S. 17, 23 (1993).

Defendant argues Plaintiff did not experience severe or pervasive harassment, did not allege

she was harassed due to her disability, and never notified Defendant of any perceived harassment.

Def.'s Partial Mot. to Dismiss at 7-10.  Conversely, Plaintiff asserts she was subjected to severe and

discriminatory conduct due to her disability.  Pl.'s Am. Compl. ¶ 40.  Plaintiff alleges Defendant's

failure to accommodate her condition resulted in significant physical and psychological injuries.  Id.

¶ 41.

Plaintiff has not adequately alleged a hostile work environment.  See Faragher v. Boca

Raton, 524 U.S. 775, 778 (1998) ("[I]solated incidents (unless extremely serious) will not amount to

discriminatory changes in the terms and conditions of employment.").  Plaintiff alleges only three

isolated incidents over a one-year period.  Pl.'s Am. Compl. ¶¶ 14-22.  Such unrelated occurrences

do not rise to the level of unwelcome, severe or pervasive harassment necessary to state a hostile

work environment claim.  Moreover, Plaintiff does not allege discriminatory conduct based on her

disability.  For instance, Plaintiff does not claim any co-worker used cleaning solutions, aerosol sprays, or burned popcorn specifically because of her disability or with the intent to trigger an attack.

Accordingly, the hostile work environment claim is dismissed based on Plaintiff's failure to allege the third and fourth elements required under Walton.

C.      Count IV– Retaliation

Finally, Defendant contends Plaintiff has failed to state a claim of retaliation in Count IV. Def.'s Partial Mot. to Dismiss at 10-13.  To establish a prima facie case of retaliation under the ADA, a plaintiff must show: "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a casual connection between the employee's protected activity and the employer's adverse action." Stouch v. Irvington, 354 F. App'x 660, 667 (3d Cir. 2009) (quoting Williams, 380 F.3d at 759).

"The right to request an accommodation in good faith is no less a guarantee under the ADA than the right to file a complaint with the EEOC." Williams, 380 F.3d at 759 n.2 (quoting Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 183 (3d Cir. 2003)).  To establish protected activity, "a plaintiff need only show that she had a reasonable, good faith belief that she was entitled to request the reasonable accommodation she requested." Id.  Regarding adverse action and a casual connection, the Third Circuit has held that "temporal proximity between the protected activity and the termination [can be itself] sufficient to establish a casual link." Id. at 760 (quoting Shellenberger, 318 F.3d at 183).  However, "the timing of the alleged retaliatory action must be unusually suggestive of retaliatory motive before a casual link will be inferred." Id. (quoting Shellenberger, 318 F.3d at 189 n.9).  "Where 'the temporal proximity is not so close as to be unduly

suggestive,'" the Third Circuit has recognized that "timing plus other evidence may be an appropriate test . . . ." Id. (quoting Thomas v. Hammonton, 351 F.3d 108, 114 (3d Cir. 2003)).

Defendant's challenge focuses on the second and third elements of retaliation, arguing Plaintiff has not plausibly pled adverse employment action contemporaneous with or after any alleged protected activity.[3]  Def.'s Partial Mot. to Dismiss at 10-12.  I disagree.

Plaintiff alleges Defendant acted adversely after Plaintiff requested accommodation and filed her EEOC complaint.  Pl.'s Am. Compl. ¶ 45.  Defendant allegedly retaliated against Plaintiff by firing her after her protected activity.  Id.  Additionally, Defendant allegedly forced Plaintiff to use accrued sick days while recovering from her stroke.  Id. ¶¶ 26-27.  These allegations are sufficient to establish the second element at the pleading stage.

Furthermore, Plaintiff has sufficiently plead a casual connection between the alleged protected activity and adverse employment action.  Id.  Plaintiff alleges she requested accommodation, did not receive it, filed an EEOC Complaint, and was fired less than two months later, while she was home recovering from a stroke.  Id. ¶¶ 12-30, 43-45; see Williams, 380 F.3d at 760.  Accordingly, Plaintiff has sufficiently pled all three elements of retaliation in Count IV.

Finally, the motion for a more definite statement of Count IV is denied.  Defendant seeks information regarding the dates, form, and content of Plaintiff's alleged complaints and requests for accommodation.  Def.'s Partial Mot. to Dismiss at 12.  Defendant also seeks a more definite statement of the facts surrounding Plaintiff's termination.  Id. at 13.  Again, these are matters to be

---

[3]As to the first element, Plaintiff sufficiently alleges instances of protected employee activity in her Amendment Complaint.  Pl.'s Am. Compl. ¶¶ 43-44. Specifically, she alleges she made several requests for accommodation, then filed a complaint with the EEOC as a result of discrimination and Defendant's failure to accommodate her condition.  Id.

explored in discovery and need not be further specified in the Complaint.  See Iqbal, 129 S. Ct. at 1949.

**IV. CONCLUSION**

For these reasons, Defendant's motion is granted only as to Count III, and denied as to Counts II and IV.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LENA N. PETTWAY,

                 Plaintiff,            :

                                         C.A. No. 11-00078

                               :

CITY OF PHILADELPHIA,         :     JURY TRIAL DEMANDED

                 Defendant.

## ORDER

AND NOW, this 20 day of July, 2011, upon consideration of Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint and Motion for a More Definite Statement (doc. 6), Plaintiff's response in opposition thereto, and Defendant's reply, it is hereby ORDERED that:

1.      Plaintiff's hostile work environment claim, Count III, is DISMISSED.

2.      Plaintiff's disability discrimination and retaliation claims, Counts II and IV, remain.

3.      Defendant's motion for a more definite statement is DENIED.

BY THE COURT:

/s/ Timothy R. Rice USMJ

HONORABLE TIMOTHY R. RICE
United States Magistrate Judge